**FILED**
FEB 0 6 2025
Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

Ifeoma Obi
Plaintiff,

25 CV - 0 6 4 CVE - JFJ

v.

COOK COUNTY COURT, MICHAEL BENDER, BENDER LAW FIRM,
Defendants.

Case No.: 2020D079430

**MOTION TO CHALLENGE FOREIGN JURISDICTION, ASSERT OKLAHOMA JURISDICTION, & REQUEST EMERGENCY INTERVENTION**

NOW COMES the Plaintiff, Ifeoma Obi, an Oklahoma resident, who respectfully moves this Court to assert jurisdiction over any legal matters affecting Plaintiff's parental rights, to challenge the improper assertion of jurisdiction by the Illinois state courts, and to request immediate emergency intervention due to the failure of Cook County Court to protect the best interests of Plaintiff's child. In support of this Motion, Plaintiff states as follows:

**I. INTRODUCTION**

1. Plaintiff is a legal resident of Oklahoma and does not conduct business, reside, or have substantial ties to the State of Illinois.
2. Despite this, Illinois' Cook County Courts have improperly attempted to exercise jurisdiction over Plaintiff, forcing in-person appearances despite Plaintiff's legal residence in Oklahoma.
3. Defendants, Michael Bender, Bender Law Firm, and Cook County Court, have participated in due process violations, improper venue actions, and attempts to enforce a foreign judgment without jurisdiction.
4. Illinois courts failed to act in the best interest of Plaintiff's child, ignoring clear evidence of child endangerment and exposing Plaintiff's child to risk.
5. Plaintiff is requesting emergency intervention by the Oklahoma courts to protect the child from continued risk and to assume proper jurisdiction over parental rights.

**II. LEGAL BASIS FOR CHALLENGING ILLINOIS JURISDICTION & ASSERTING OKLAHOMA'S AUTHORITY**

1. Oklahoma Has Primary Jurisdiction Over Plaintiff as a Resident
   - Plaintiff is an Oklahoma resident and does not have sufficient legal ties to Illinois.

no summons
IFP filed

- Under the Fourteenth Amendment's Due Process Clause, an out-of-state resident cannot be subjected to another state's jurisdiction without proper legal basis (International Shoe Co. v. Washington, 326 U.S. 310 (1945)).

2. Lack of Proper Service (No Summons = No Jurisdiction in Illinois)
- Plaintiff was never properly served with a summons in Oklahoma by the Illinois court or Defendants.
- Illinois courts have attempted to force Plaintiff's attendance despite the lack of proper legal notice.

3. The Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Grants Oklahoma Authority Over Parental Rights Issues
- The UCCJEA (adopted by both Oklahoma and Illinois) establishes that jurisdiction should be based on the child's and parent's primary residence.
- Plaintiff's parental rights should be determined under Oklahoma jurisdiction, not Illinois, due to the failure of Illinois courts to protect the child's safety.

4. Illinois' Actions Violate Oklahoma's Right to Protect Its Residents from Unconstitutional Court Orders
- Oklahoma has a vested interest in protecting its residents from judicial overreach and unconstitutional legal actions from foreign courts.
- Oklahoma courts have the authority to issue an order preventing Illinois from exercising jurisdiction over Plaintiff in a manner that violates due process.

## III. EMERGENCY REQUEST FOR OKLAHOMA JURISDICTION DUE TO CHILD ENDANGERMENT

1. March 2022 DUI with Child Endangerment – Illinois Failed to Protect the Child
- Plaintiff's child's father was arrested for DUI with child endangerment in March 2022.
- The father falsely claimed in court that he had no history of alcoholism, which was later proven untrue.
- Despite this, Cook County failed to adjust custody arrangements to protect the child's safety.
- Legal Precedent: A state that fails to protect a child from documented endangerment loses its presumption of jurisdiction in the child's best interest (Troxel v. Granville, 530 U.S. 57 (2000)).

2. Illinois Ignored DCFS Findings Indicating the Father's Home Was Unfit
- The Illinois Department of Children and Family Services (DCFS) conducted an investigation and found that:

✅ The child's father had a history of alcohol-related issues.
✅ The father's living situation was deemed unfit for a child.
✅ The Illinois court ignored DCFS findings, continuing to allow the father to have custody without proper review.

3. Oklahoma's Authority to Intervene Under Emergency Jurisdiction (UCCJEA § 204)
- UCCJEA § 204 grants emergency jurisdiction to a state when a child is subjected to mistreatment, abuse, or endangerment.
- Illinois' failure to act places the child at continued risk, allowing Oklahoma courts to assume emergency jurisdiction.
- Legal Precedent: Courts have recognized that emergency jurisdiction applies when:

✅ A parent engages in conduct that places a child at risk (such as DUI with child endangerment).
✅ The child's safety and well-being are not adequately protected by the original state's court.
✅ The child resides in or has significant ties to the state assuming jurisdiction (Oklahoma).

4. Oklahoma Courts Must Intervene Due to Illinois' Ongoing Judicial Bias and Misconduct
- Plaintiff has been subjected to judicial misconduct in Cook County, where the court has:

✅ Allowed bias in favor of the father, despite clear evidence of child endangerment.
✅ Denied Plaintiff fair legal treatment.
✅ Suppressed key evidence that would have protected the child.

- Oklahoma has the right and obligation to protect a resident (Plaintiff) and the child from further harm.

## IV. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Oklahoma has jurisdiction over Plaintiff as a resident of the State of Oklahoma.
2. Find that Illinois (Cook County Courts) has improperly asserted jurisdiction over Plaintiff without proper service of process.
3. Issue an order prohibiting Illinois from enforcing any court orders affecting Plaintiff's rights without Oklahoma's legal review and approval.
4. Assume emergency jurisdiction over Plaintiff's parental rights and intervene due to Illinois' failure to protect Plaintiff's child from endangerment.
5. Declare that Michael Bender and Bender Law Firm engaged in procedural misconduct and due process violations.
6. Grant any other relief that this Court deems just and appropriate.

Respectfully submitted,

*[signature]*
Ifeoma Obi
Plaintiff, Pro Se
4525 E. 31st Street #77
918.204.1977
ifeoma.obi6789@gmail.com