UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IFEOMA OBI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-CV-0064-CVE-JFJ |
| | ) |
| COOK COUNTY COURT, | ) |
| MICHAEL BENDER, and | ) |
| BENDER LAW FIRM, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court are plaintiff's pro se motion to challenge foreign jurisdiction, assert Oklahoma jurisdiction, and request emergency intervention (Dkt. # 1), and motion for leave to proceed in forma pauperis (Dkt. # 2). In reliance upon the representations and information set forth in plaintiff's motion to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the full $350 filing fee when she is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that authorization to proceed in forma pauperis only excuses prepayment of the filing fee). Because the Court authorizes plaintiff to proceed without prepayment, she is not required to pay the $55 administrative fee.

**I.**

On February 6, 2025, plaintiff filed a motion to challenge foreign jurisdiction, assert Oklahoma jurisdiction, and request emergency intervention. Dkt. # 1. As plaintiff proceeds pro se,

the Court will liberally construe her pleadings consistent with Supreme Court and Tenth Circuit precedent. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Therefore, the Court construes plaintiff's motion as a complaint that includes a request for a temporary restraining order.

Plaintiff's complaint arises out of an Illinois Cook County court child custody matter (case number 2020D079430). Dkt. # 1, at 1. Plaintiff, a resident of Oklahoma who allegedly does not conduct business, reside, or have substantial ties to the State of Illinois, complains that "Illinois' Cook County Courts have improperly attempted to exercise jurisdiction over [her], forcing in-person appearances despite [her] legal residence in Oklahoma." Id. She alleges that she "was never properly served with a summons in Oklahoma by the Illinois court or [d]efendants." Id. at 2. Therefore, she asserts that defendants "have participated in due process violations, improper venue actions, and attempts to enforce a foreign judgment without jurisdiction." Id. at 1.

Further, she alleges that "Illinois courts failed to act in the best interest of [her] child, ignoring clear evidence of child endangerment and exposing [her] child to risk." Id. She alleges that her "child's father was arrested for DUI with child endangerment in March 2022" and "falsely claimed in court that he had no history of alcoholism . . . ." Id. at 2. She also alleges that the Illinois Department of Children and Family Services conducted an investigation and deemed the father's living situation unfit for a child. Id. She claims that, despite this evidence, "Cook County failed to adjust custody arrangements to protect the child's safety[,]" placing "the child at continued risk." Id. at 2-3. Thus, plaintiff asserts that she "has been subjected to judicial misconduct in Cook County, where the court has: [] allowed bias in favor of the father, despite clear evidence of child

2

endangerment[;] [] [d]enied [p]laintiff fair legal treatment[;] [and] [s]uppressed key evidence that would have protected the child." Id. at 3.

Plaintiff requests that this Court: (1) "[d]eclare that Oklahoma has jurisdiction over [p]laintiff[;]" (2) "[f]ind that Illinois (Cook County Courts) has improperly asserted jurisdiction over [p]laintiff without proper service of process[;]" (3) order Illinois not to enforce "any court orders affecting [p]laintiff's rights without Oklahoma's legal review and approval[;]" (4) "[a]ssume emergency jurisdiction over [p]laintiff's parental rights and intervene due to Illinois' failure to protect [p]laintiff's child from endangerment[;]" (5) "[d]eclare that Michael Bender and Bender Law Firm engaged in procedural misconduct and due process violations[;]" and (6) "[g]rant any other relief that this Court deems just and appropriate." Id.

**II.**

Plaintiff alleges that her Fourteenth Amendment right to due process was violated in the course of state court child custody proceedings (case number 2020D079430), and she challenges orders issued during those proceedings. Dkt. # 1, at 1-2, 3. The Court has reviewed the state court case's docket sheet on the Clerk of the Circuit Court of Cook County's website, and the Court finds that the case is ongoing.[1] Because of child custody and other state law issues implicated in this case, the Court finds that sua sponte consideration of abstention under Younger v. Harris, 401 U.S. 37 (1971), is required.

Under the Supreme Court's decision in Younger, and its progeny, "'a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in certain instances in

---

[1] "Federal Rule of Evidence 201 authorizes a federal court to take judicial notice of adjudicative facts at any stage of the proceedings, and in the absence of a request of a party." Zimomra v. Alamo Rent-A-Car, Inc., 111 F.3d 1495, 1503 (10th Cir. 1997).

which the prospect of undue interference with state proceedings counsels against federal relief.'" Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc., 98 F.4th 1307, 1317 (10th Cir. 2024) (quoting Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC, 953 F.3d 660, 669-70 (10th Cir. 2020)). Younger abstention applies to state court child custody proceedings because "family relations are a traditional area of state concern." Morrow v. Winslow, 94 F.3d 1386, 1397 (10th Cir. 1996) (quoting Moore v. Sims, 442 U.S. 415, 435 (1979)). If Younger abstention applies, "courts analyze the propriety of abstention under the so-called Middlesex [Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982),] conditions." Travelers Cas. Ins. Co. of Am., 98 F.4th at 1317. Under these conditions, a court must abstain from deciding a case if: (1) "the relevant state court proceeding [is]'ongoing[;]'" (2) the state forum [] provide[s] an adequate opportunity to raise the relevant federal claims[;]" and (3) "an important state interest [is] present." Graff v. Aberdeen Enters., II, Inc., 65 F.4th 500, 523 (10th Cir. 2023). However, a plaintiff can "overcome the presumption of abstention" if she demonstrates that "the prosecution was '(1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of irreparable injury both great and immediate.'" Winn v. Cook, 945 F.3d 1253, 1258-59 (10th Cir. 2019) (quoting Phelps v. Hamilton (Phelps I), 59 F.3d 1058, 1063-64 (10th Cir. 1995)); Phelps v. Hamilton (Phelps II), 122 F.3d 885, 889 (10th Cir. 1997). Courts may address Younger abstention sua sponte. Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976).

### III.

Plaintiff's motion satisfies the Middlesex conditions. First, the Court has reviewed the docket sheet for case number 2020D079430 on the Cook County Clerk's website, and the Court

finds that this state court child custody case between Joseph Orellana and plaintiff is ongoing.[2] Zimomra v. Alamo Rent-A-Car, Inc., 111 F.3d 1495, 1503 (10th Cir. 1997); St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). As Younger abstention applies to ongoing child custody proceedings, the first condition is satisfied. See Morkel v. Davis, 513 Fed. App'x 724, 728 (10th Cir. 2013) (unpublished)[3] ("This court and other circuits have consistently applied Younger to child custody cases.").

Second, plaintiff fails to fulfill her burden of demonstrating that the Cook County court provides an inadequate forum to raise her claim that defendants violated her Fourteenth Amendment right to due process. See Chapman v. Oklahoma, 472 F.3d 747, 749 (10th Cir. 2006) (finding that the second condition was met because the plaintiff did "not show[] that the state court [wa]s not an adequate forum to hear his constitutional challenges to the state family court system"). The Tenth Circuit has held that "[s]tate courts are generally equally capable of enforcing federal constitutional rights as federal courts. And when constitutional challenges impact state proceedings . . . 'proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand.'" Morkel, 513 Fed. App'x at 728 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987)) (internal citations omitted). Plaintiff's general allegations of judicial bias and misconduct do not render the state proceeding an inadequate forum

---

[2] The state court has scheduled hearings for February 10, 2025, and February 11, 2025.

[3] The Court cites this and other unpublished decisions for their persuasive value. 10th Cir. R. 32.1(A).

for her due process claim. Dkt. # 1, at 3. Further, in the state proceeding, a motion for continuance due to lack of proper service and jurisdictional concerns was filed on February 4, 2025, and remains pending. Thus, the state court provides an adequate opportunity for plaintiff to raise her federal claim, and the second condition is satisfied.

Third, "the Supreme Court has long held that 'the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" Chapman, 472 F.3d at 750 (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)). In other words, "the resolution of child custody matters has been acknowledged as an important state interest." Morkel, 513 Fed. App'x at 729. The Tenth Circuit has also held that "comity considerations of the Younger doctrine are particularly vital in child custody proceedings, which are 'an especially delicate subject of state policy.'" Id. (quoting Morrow v. Winslow, 94 F.3d 1386, 1393 (10th Cir. 1996)). Here, plaintiff challenges conduct related to, and findings of, child custody proceedings in state court; thus, plaintiff is both "implicitly and explicitly ask[ing] the district court to intervene in state custody proceedings, which the Younger doctrine expressly proscribes." Id. "The reasons for abstention are only strengthened when we consider that [the state court] has continuing power to modify [plaintiff's] child custody arrangements[.]" Id. Therefore, an important state interest is implicated, and the third condition is satisfied.

The Court has considered whether any exception to mandatory abstention could apply in this case, and none of the possible exceptions applies. Plaintiff does not argue that the state court custody case is based on a flagrantly and patently unconstitutional statute, and plaintiff's vague allegations of the state court's bias in favor of the father do not suggest that she could assert a colorable claim that the custody proceeding was brought in bad faith or to harass. Phelps II, 122

F.3d 885, 889 (10th Cir. 1997) ("[I]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment."). Finally, the Court finds that plaintiff's general assertion that the state court's rulings leave the child at continued risk does not rise to the level of an extraordinary circumstance. Therefore, under Younger, the Court must abstain from deciding this case.

Although not precisely an issue of subject matter jurisdiction, a dismissal under Younger is akin to a dismissal for lack of subject matter jurisdiction. Graff, 65 F.4th at 523 n.32 ("It is unclear in this circuit whether Younger abstention implicates federal courts' subject matter jurisdiction . . . . Given that dismissal without prejudice is the proper result whether or not Younger abstention affects a federal court's subject matter jurisdiction . . . , this court does not further consider the doctrine's jurisdictional pedigree."). Thus, the Court should dismiss plaintiff's complaint for declaratory and injunctive relief without prejudice. Taylor v. Jaquez, 126 F.3d 1294, 1297 (10th Cir. 1997) (stating that a court's "conclusion that Younger abstention applies ends the matter").

**IT IS THEREFORE ORDERED** that plaintiff's motion to challenge foreign jurisdiction, assert Oklahoma jurisdiction, and request emergency intervention (Dkt. # 1) is **dismissed without prejudice**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **granted**.

**DATED** this 11th day of February, 2025.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE